IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: CV514-062

CASE NO. CR506-14

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Camp-Low in Coleman, Florida, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, as supplemented.[1] For the reasons which follow, Williams' § 2255 Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term. Williams

---

[1] "The judge who receives the [section 2255] motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b), Rules Governing Section 2255 Proceedings. It is clear that Williams is not entitled to his requested relief.

filed an appeal. The Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008). Williams' sentence was later reduced to 235 months' imprisonment. (CR506-14, Doc. No. 76).

In this motion, Williams contends that he received ineffective assistance of counsel because his trial counsel allowed his sentence to be enhanced. Williams also contends that the Government sought to enhance his sentence without giving him notice of this intent. Williams asserts that his appellate counsel was ineffective because appellate counsel was unable to have his case remand to this Court to entertain the relative merits of his previously-filed motions. Williams alleges that he was not given the opportunity to challenge the charges against him. In his supplemental motion, Williams asserts that he received a duplicative sentence, in violation of the double jeopardy clause.

Williams has filed in this Court no less than eighteen (18) prior motions pursuant to § 2255. Williams has asserted on these previous occasions either the same claims as he does in this cause of action or some variation of those claims, with perhaps one exception. It appears that Williams has not set forth a double jeopardy claim on these previous occasions.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

AO 72A
(Rev. 8/82)

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements. Williams cites to United States v. Foster, No. 11-6414 (6th Cir. Aug. 28, 2014), as support for his assertion that his sentence violates the double jeopardy clause. Because Foster arises out of the Sixth Circuit Court of Appeals, it is of no binding precedential value on this Court. Even if Foster were binding precedent, the procedural posture of that case is that the Sixth Circuit made its decision on direct appeal, not a collateral attack, as Williams attempts in this motion. Finally, Foster is not a decision which the United States Supreme Court has determined is retroactively applicable to cases on collateral review. Williams is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and as supplemented, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 21st day of November, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)